

Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2005

# Gueson v. Sheppard

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1898

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gueson v. Sheppard" (2005). *2005 Decisions.* Paper 1033.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1033

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1898
_____

EMERITA T. GUESON, INDIVIDUALLY,
AND AS PRESIDENT OF WOMEN'S HEALTH, INC.;
WOMEN'S HEALTH, INC.


v.


ALBERT SHEPPARD, JUDGE, personally, as a politician, and
acting under the color of state law; NORMAN ACKERMAN, JUDGE,
personally, as a politician, and acting under the color of
state law; JOHN HERRON, JUDGE, personally, as a
politician, and acting under the color of state law; ALEX
BONAVITACOLA, JUDGE, personally, as a politician and acting
under the color of state law; MARK BERNSTEIN, JUDGE,
personally, as a politician, and acting under the color of
state law; PHILADELPHIA COUNTY COURT OF COMMON PLEAS, FIRST
JUDICIAL DISTRICT, PROTHONOTARY OF THE COURT OF COMMON PLEAS,
acting under the color of state law, through and by its agents,
employees; FRANCIS G. GREY; LAURA GELDMAN, ESQ., personally,
and acting under the color of state law; ROSEMARY PINTO, ESQ.,
personally, and acting under the color of state law; JILL
ANDERSON, ESQ., personally, and acting under the color of
state law; MARCIA DOWNING, ESQ., personally, and acting
under the color of state law; FELDMAN-PINTO, P.C., personally,
and acting under the color of state law; CHRISTOPHER WARREN,
ESQ., personally, and acting under the color of state law;
TAWANA M. MCCULLERS, personally, and acting under the color
of state law; GUSTINE PELAGATTI; BERNARD NATHANSON;
PHILADELPHIA COUNTY, politically, and acting under the
color of state law, through and by its agents, employees

Emerita T. Gueson, M.D.,

Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 00-cv-01117)
District Judge: Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2005

BEFORE: ALITO, SMITH and BECKER, <u>CIRCUIT JUDGES</u>

(Filed:  June 10, 2005)

_____

OPINION

_____

PER CURIAM

Dr. Emerita T. Gueson, pro se, appeals an order of the United States District Court

for the Eastern District of Pennsylvania denying her motion to stay her pendent state

claims pending the United States Supreme Court's decision regarding her petition for a

writ of certiorari.  Although she filed a notice of appeal, the relief that Gueson actually

seeks in her appeal is in the nature of mandamus, as she asks this Court to direct the

recusal of the District Judge, the Honorable R. Barclay Surrick.  We will dismiss the

appeal of the District Court's March 8, 2004 order as moot, and we will deny mandamus

relief.

In 1998, Gueson, president of Women's Health, Inc., filed two actions in the

Philadelphia Court of Common Pleas. The law firm of Feldman-Pinto, P.C. represented her in both lawsuits. Dissatisfied with the results in both of these cases, Gueson and Women's Health, Inc. filed malpractice suits against Feldman-Pinto, P.C., and other defendants, in the Philadelphia Court of Common Pleas. See Gueson, et al. v. Feldman, et al., August Term, 1998, No 91361, and Gueson, et al. v. Feldman, et al., October Term, 1998, No. 3777. Judges Sheppard and Ackerman of the Court of Common Pleas dismissed the suits with prejudice.

In March 2000, Dr. Gueson and Women's Health, Inc., displeased with the dismissal of the malpractice suits, filed the underlying action in the United States District Court for the Eastern District of Pennsylvania against five Philadelphia Court of Common Pleas judges, including Ackerman and Sheppard; the City of Philadelphia; Feldman-Pinto, P.C.; Gustine Pelagatti, an attorney who had represented one of Gueson's former patients in an unrelated medical malpractice action; and Bernard Nathanson, an expert witness in that action. Gueson alleged civil rights violations as well as violations of the Racketeer Influenced Corrupt Organizations ("RICO") statutes and other federal statutes. She also asserted numerous state law claims.

As explained in this Court's opinion at C.A. No. 02-3480, the District Court, per Judge Surrick, granted motions to dismiss by all defendants except Feldman-Pinto, P.C. with prejudice. Gueson entered a settlement agreement with Feldman-Pinto, P.C. and dismissed her suit against them. Gueson's state law claims were dismissed without

3

prejudice, and the District Court closed her case.[1]

Gueson appealed, and this Court affirmed the District Court's orders on July 11, 2003. On October 9, 2003, Gueson filed a petition for a writ of certiorari in the Supreme Court. On the following day, and on March 1, 2004, Gueson filed motions in the District Court to have her pendent state claims stayed until the petition for certiorari was decided. In an order entered March 8, 2004, Judge Surrick denied Gueson's motions for a stay. Gueson filed a notice of appeal on March 31, 2004. On April 26, 2004, the Supreme Court denied certiorari. In September 2004, Gueson filed an appellate brief, which she has called a petition for a writ of mandamus. In her appellate brief, she asks this court to direct Judge Surrick to recuse himself under either 28 U.S.C. § 455(a) or § 455(b)(5)(i). She claims that Judge Surrick, who once served on the Delaware County Court of Common Pleas, was biased in favor of the state court judge defendants from the Philadelphia Court of Common Pleas because of his loyalty to the state judicial system.

We have jurisdiction pursuant to 28 U.S.C. § 1291. With respect to Gueson's appeal of the District Court's March 8, 2004 order, we will dismiss the appeal as moot. In her motion, Gueson requested stay of her state claims pending the outcome of her petition for certiorari. The Supreme Court has since denied certiorari. The relief Gueson sought is, therefore, a nullity at this point.

---

[1] The case as to Women's Health, Inc., at E.D. Pa. Civ. No. 00-cv-01117 was dismissed on October 3, 2002, for failure to prosecute.

4

To the extent that Gueson's appellate brief can be construed as a mandamus petition, it is denied. A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). A litigant seeking mandamus relief must show that he or she has no alternative remedy and that he or she has a clear and indisputable right to the relief sought. See Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976).

Gueson cannot show that she is entitled to have Judge Surrick recuse himself. Her claim that Judge Surrick is biased toward the state judicial system is utterly unsupported. Recusal is, therefore, not appropriate under § 455(a). Nor is recusal appropriate under § 455(b)(5)(i), as Gueson makes no supportable claim that Judge Surrick or his relatives are in any way parties to the proceeding. Moreover, recusal of Judge Surrick at this point appears to be a moot point, as Gueson's federal case is closed and her appellate proceedings exhausted.